IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 16, 2002 Session

## JACKIE L. REYNOLDS, ET AL. v. TAMMY MOFFETT BATTLES, ET AL.

**Direct Appeal from the Circuit Court for Hardin County**
**No. 3194     C. Creed McGinley, Judge**

---

**No. W2002-00031-COA-R3-CV - Filed January 9, 2003**

---

This is an appeal from on order denying a Tenn. R. Civ. P. 60.02 motion to set aside a default judgment entered in favor of the plaintiffs for $1,200,000. We vacate the order of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

David W. Camp, Jackson, Tennessee, for the appellants, Tammy Moffett Battles and Gregory Scott Battles.

Mark L. Agee and Jason C. Scott, Trenton, Tennessee, for the appellees, Jackie L. Reynolds and Audrey Jeannine Reynolds.

## OPINION

This is the second appearance of this case before this Court. In August of 1999, Jackie L. Reynolds and Audrey Jeannine Reynolds ("the Reynolds") filed suit against Tammy Moffett Battles and Gregory Scott Battles ("the Battles")[1] for damages suffered as the result of, *inter alia*, defamation, false imprisonment, trespass to property, trespass to chattels, assault, and intentional infliction of emotional distress. The trial court dismissed the original claim against the Battles on the basis of the statute of limitations and failure to state a claim. The Reynolds appealed and this Court reversed and remanded for a trial on the merits. In our order of remand, we stated that the appellees should be allowed to file an answer so that the case could be conducted to a conclusion. *Reynolds v. Battles*, No. W2000-00340-COA-R3-CV, 2001 Tenn. App. LEXIS 78 at *18 (Tenn. Ct. App. Feb. 6, 2001) (*no perm. app. filed*) (hereinafter referred to as "*Battles I*").

---

[1]We note that Tammy Moffett Battles has subsequently remarried and is now known as Tammy Battles Rickman. For the sake of clarity, in this opinion we will refer to Ms. Rickman and Mr. Battles collectively as "Battles," and to Ms. Rickman individually as "Tammy Battles."

Although the Battles were represented by counsel in the trial court, their counsel was permitted to withdraw by order of July 3, 2000. Thus when *Battles I* was heard by this Court, neither party was represented by counsel. Additionally, in *Battles I*, the Battles filed no brief in this Court. The Battles divorced soon after the initial claim in *Battles I* had been dismissed by the trial court, and assert in their current brief that they could not financially afford counsel in the appeal of *Battles I*.

By June of 2001, the Battles had not answered the Reynolds complaint as provided in our order remanding this cause. The Reynolds accordingly moved for a default judgement. The trial court granted this motion in July of 2001, and awarded the Reynolds over $1,000,000 in compensatory damages. Upon receiving notice of this judgment, the Battles again retained counsel and moved the trial court to set aside the default judgment pursuant Tenn. R. Civ. P. 60.02. This motion was denied by the trial court in December of 2001, and the Battles filed their notice of appeal to this Court on December 12, 2001.

### *Issues Presented*

The issues presented by the Battles in this appeal are:

(1) Whether the trial court erred by failing to set aside the default judgment entered against the Defendants despite Defendants' mistake, inadvertence and/or excusable neglect?

(2) Whether the trial court erred by awarding damages to Plaintiffs in the sum of one million two hundred thousand dollars ($1,200,000.00)?

The Reynolds raise the following additional issues:

(1) Whether this Court must conclusively presume that the evidence supported the action of the trial court because of the failure of the Appellants to provide this Court with an adequate record and the failure of the Appellants to file a transcript or statement of evidence?

(2) Whether the appeal of the Appellants is frivolous?

### *Standard of Review*

We review a trial court's entry of a default judgment and its refusal to set that judgment aside pursuant to a Tenn. R. Civ. P. 60.02 motion under an abuse of discretion standard. *Tenn. Dep't of Human Res. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985). However, in the interests of justice, the courts have expressed a clear preference for a trial on the merits. *Id.* Thus rule 60.02 is construed liberally in the context of default judgments. *Id.* at 867. In deciding whether to grant a rule 60.02 motion to set aside the default judgment, courts consider three criteria: 1) whether the default was willful; 2) whether the defendant has asserted a meritorious defense; 3) the amount of prejudice which

may result to the non-defaulting party. *Id.* at 866. If there is any reasonable doubt about whether the judgment should be set aside, the court should grant relief. *Nelson v. Simpson*, 826 S.W.2d 483, 486 (Tenn. Ct. App. 1991).

### *Denial of Rule 60.02 Motion to Set Aside the Default Judgment*

As an initial matter, we note that the Battles contend that they were unaware that the cause had been remanded in *Battles I*. We find this argument untenable. Notice that the cause in *Battles I* had been remanded was sent by this Court to the Battles at 1100 Hutton Road, Sardis, TN, which was the last address known by this Court at the time of the remand. If a litigant proceeding *pro se* relocates during the course of litigation, he is encumbered with the responsibility of notifying the clerk of the court of his new address. Without such notification, it is virtually impossible for the clerk to assure that subsequent notices will be received.

The Battles further submit that they did not receive notice of the Reynolds' June 2001 motion for default judgment or of the July 2001 hearing. The Tennessee Rules of Civil Procedure require:

> All parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action.

Tenn. R. Civ. P. 55.01. It is undisputed that both notices were sent by certified mail, return receipt requested, to Mr. Battles at Magnolia Street in Savannah, TN, and to Tammy Battles at 1045 Hutton Road in Sardis, TN, and that they were returned unclaimed to the Reynolds. It is also undisputed that following the hearing, the Battles received notice of the trial court's judgment which was sent to Mr. Battles at the 508 Magnolia Street address and to Tammy Battles at Woodstown Loop in Shiloh, TN, by regular mail on July 19, 2001. Tammy Battles asserts that although she at one time resided at 1100 Hutton Road, she never resided at 1045 Hutton Road. Mr. Battles asserts that he did not reside at the Magnolia Street address, that it is his grandfather's address, and that he was unaware of the notices which were sent by certified mail. The Reynolds assert that the Battles simply chose to ignore the certified mail, and that the contention by the Battles that they never lived at the Magnolia Street addressed is refuted by the fact that they listed 508 Magnolia Street as their address during their divorce proceedings and on the appeal bond in this case.

Upon review of the limited record before us, we note that the Battles list 508 Magnolia Street as their address on the appeal bond filed in this Court. The Battles' use of that address as their address of record, in addition to the fact that they received mail at this address, estops them from denying that it is the appropriate address for notice purposes. We agree that had notice of the default application been sent to 508 Magnolia Street, rule 55.01 would have been satisfied. However, our review of the record before us reveals that while the court's judgment was sent to *508* Magnolia Street and received there by the Battles, the certificates of service filed with the notices of the motion and hearing sent by the Reynolds indicate that these notices were sent to *408* Magnolia Street. In light of the discrepancy in the record before us regarding where the notices were actually sent, we believe

it is plausible that the Battles neither received notice of nor were aware of the Reynolds' motion for a default judgment or the July hearing on that motion.

As noted above, if there is any doubt about whether a default judgment should be set aside, the court should grant relief. *Nelson*, 826 S.W.2d at 486. Further, this Court recently has opined that "[n]otice to parties not represented by counsel that a motion for default judgment is pending is entirely consistent with the rules and with traditional notions of fair play." *Nelson*, 826 S.W.2d at 487. According to the certificates of service attested to by the Reynolds in this case, proper notice to the Battles simply was not made. We accordingly are satisfied that sufficient doubt exists to justify setting the default judgment aside.

The Reynolds further assert that we should uphold the trial court's default judgment because the Battles have not asserted a meritorious defense to the claim against them. Unless the judgment is void, a default judgment will not be set aside unless the defendant has made a showing of a meritorious defense. *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984). The defendant must assert a meritorious defense to the cause of action against him in order to have the default judgment set aside and to proceed to a trial on the merits. *Id.* at 101. A simple assertion that the defendant has a defense is not sufficient to constitute a showing of a meritorious defense. *Id.*

Neither the Battles' motion to set aside the default judgment nor their memorandum of law in support of the motion assert a meritorious defense. The Battles statement that they "are now prepared to answer or otherwise plea to the complaint which has been filed in this cause" does not constitute as meritorious defense. *See id.* at 100. However, an assertion of a meritorious defense is not required where "the default judgment was procured in violation of the Rules of Civil Procedure." *Churney v. Churney*, No. 02A01-9211-CV-00326, 1993 Tenn. App. LEXIS 494 at *6 (Tenn. Ct. App. July 22, 1993 ) (*no perm. app. filed*) (citing *Patterson*, 665 S.W.2d 96). Since the Reynolds failed to properly notify the Battles of their application for default judgment as required by rule 55.01, the Battles' failure to assert a meritorious defense is not fatal to their motion to set aside the default judgment.

### *Conclusion*

In light of the foregoing, the default judgment entered by the trial court is vacated. This cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellees, Jackie L. Reynolds and Audrey Jeannine Reynolds.

_____
DAVID R. FARMER, JUDGE