# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### AUGUST 6, 2003 Session

## MARY CATHERINE WATKINS v. BRYAN KEITH WATKINS

### Direct Appeal from the Chancery Court for Rutherford County
#### No. 01-1958DR    Royce Taylor, Chancellor

---

### No. M2002-01777-COA-R3-CV - Filed December 30, 2003

---

This is an appeal from an order denying a Tenn. R. Civ. P. 60.02 motion to set aside a default judgment entered in favor of Wife in her divorce from Husband. For the following reasons, we vacate the order of the trial court and remand for further proceedings.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Tusca R.S. Alexis, Luvell L. Glanton, Nashville, TN, for Appellant

Donald M. Bullorch, Murfreesboro, TN, for Appellee

### MEMORANDUM OPINION[1]

### Facts and Procedural History

Mary Catherine Watkins ("Wife") filed her petition for divorce from Bryan Keith Watkins ("Husband") on January 23, 2001 in the Rutherford County Chancery Court. On January 28, Husband was served with the complaint at the couple's marital residence, where both parties were still living at the time. The complaint set a date of January 31, 2001 for a hearing to determine the temporary custody of the marital residence. This hearing was subsequently continued to February

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. – (b) The Court with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

12, 2001. Husband did not appear at the hearing, nor did he file an answer. On March 3, 2001, Wife filed a motion for default judgment, and a hearing was conducted on April 6, 2001, at which time the lower court granted default judgment in favor of Wife. As part of its judgment, the trial court awarded Wife the parties' marital residence, their time share in Gatlinburg, Tennessee, a twenty-five acre parcel of land in Normandy, Tennessee, all household goods and furnishings, a Plymouth automobile, all assets and income from her hair salon, as well as a one-half interest in Husband's pension plan.

On May 25, 2001, Husband filed a Tenn. R. Civ. P. 60.02 motion to set aside the default judgment. Husband alleged that he took no action in the divorce proceeding because Wife deceived him into believing that she would not pursue the matter. Husband gave several bases for this allegation. First, he noted that Wife had previously filed for divorce multiple times and had failed to pursue any of the actions to a conclusion. He maintained that Wife gave him assurances that she would follow this pattern again by declining to follow up on her complaint for divorce. Husband then argued that he was convinced by her assurances because the couple continued to live together and share marital relations in the weeks following the filing of the complaint. Finally, Husband maintained that he was unaware of any hearings or motions in the divorce proceedings because he never received any notice of these developments. Husband did not dispute that he received the complaint for divorce at 3509 Coleman Hill Road, Rockvale, TN 37153, the address of the parties' marital residence. The record indicates that it was served on his person by a sheriff's deputy. Husband did contend, however, that he received no further correspondence regarding the divorce and that Wife was responsible for this lack of notice throughout the proceedings. Specifically, Husband argued that Wife hid any correspondence relating to the divorce so that he would remain ignorant. Husband explained that Wife was in a unique position to control his receipt of mail because she was the only one to retrieve the couple's mail. This was because, beginning sometime in 2000, the parties had all mail sent to the Coleman Hill address forwarded to a post office box in College Grove, Tennessee. The post office box was near Wife's place of work, so, for the sake of convenience, she assumed the duty of picking up the couple's mail each day. Husband argued that Wife withheld or hid any correspondence relating to the divorce, effectively ensuring that Husband would remain uninvolved in the litigation.

Wife denied all of Husband's allegations, maintaining that she clearly indicated to Husband her intent to go through with the instant divorce. She also argued that she dutifully delivered all mailings pertaining to the litigation to Husband. The trial court allowed the parties to conduct discovery, including depositions, on the limited issues raised in Husband's rule 60.02 motion. After considering the arguments and proof marshaled by each party, the lower court denied Husband's motion to set aside the default judgment on July 5, 2002. Upon Wife's motion, the trial court also directed Husband to pay the $6,825 in attorney's fees incurred by Wife in defending the rule 60.02 motion. Husband then timely filed the instant appeal challenging the judgment of the lower court.

**Issues**

Husband raises the following issues for our consideration:

I.      Whether the trial court erred in denying Husband's motion to set aside the final decree of divorce entered by default.

II.     Whether the trial court erred in its award of attorney's fees to Wife for the defense of the rule 60.02 motion.

Wife raises an additional issue on appeal:

III.    Whether the instant appeal is frivolous.

## Standard of Review

We employ an abuse of discretion standard when reviewing a trial court's entry of default judgment and its refusal to set aside the judgment pursuant to a rule 60.02 motion. *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003). We note, however, that courts have expressed a clear preference for a trial on the merits. *Id.* As such, rule 60.02 should be construed liberally in the context of default judgment. *Id.* There are three criteria for courts to consider when determining whether to grant a rule 60.02 motion to set aside a default judgment: (1) whether the default was willful; (2) whether the defendant has asserted a meritorious defense; (3) the amount of prejudice which may result to the non-defaulting party if the motion is granted. *Id.* "If there is any reasonable doubt about whether the judgment should be set aside, the court should grant relief." *Id.* (citing *Nelson v. Simpson*, 826 S.W.2d 483, 486 (Tenn. Ct. App. 1991)). In our review of the lower court's award of attorney's fees, we again employ the abuse of discretion standard. *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995); *Knox County ex rel. Schumpert v. Union Livestock Yard, Inc.*, 59 S.W.3d 158, 166 (Tenn. Ct. App. 2001).

## Rule 60.02 Motion

We begin our analysis with Husband's first issue on appeal, which challenges the trial court's denial of the rule 60.02 motion to set aside the default judgment granting Wife a divorce. Husband maintains that he is entitled to have the default judgment set aside for one of two reasons: either because Wife misrepresented her intent to seek a final divorce or, at the least, because Husband committed an excusable mistake in misinterpreting Wife's intent. Tenn. R. Civ. P. 55.02 states that a default judgment may be set aside for "good cause shown . . . in accordance with Rule 60.02." Rule 60.02 then provides, in part, that a party may be relieved from a judgment in the event of "mistake, inadvertence, surprise or excusable neglect" or "fraud . . . misrepresentation, or other misconduct of an adverse party."

The movant bears the burden of setting forth facts which establish the basis for relief. *Tenn. Dept. of Human Services v. Barbee*, 689 S.W.2d 863 (Tenn. 1985); *Pirkle v. Parker*, No. E2002-01751-COA-R3-CV, 2003WL 104662, at *2 (Tenn. Ct. App. 2003). However, courts should construe the requirements of Tenn. R. Civ. P. 60.02 liberally when a party seeks relief from default judgment. *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). Specifically, courts

should examine the moving party's proof to determine whether the default was willful, whether the movant has asserted a meritorious defense, and the amount of prejudice which may result to the non-defaulting party. *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003); *Nelson*, 826 S.W.2d at 485. Although a rule 60.02 motion is addressed to the discretion of the trial court, such a motion should be granted whenever any reasonable doubt exists concerning whether the default judgment should be set aside. *Reynolds*, 108 S.W.3d at 251. In the present matter, the lower court denied Husband's rule 60.02 motion, finding that:

> The proof offered under Rule 60.02 to set aside the judgment even when taken in the best light for the defendant, does not show that the judgment should be set aside for a mistake, inadvertence, surprise, excusable neglect or fraud. Rather, it shows a defendant who sat on his hands after being served with a divorce complaint and continued to sit on his hands and take no action within 30 days from the entry of the divorce during which time he admittedly was fully aware of the final decree.

Having reviewed the record, and in light of the strong preference for a trial on the merits, we must respectfully disagree with the conclusion of the trial court. In his affidavit, Husband swore both that Wife reassured him she would not pursue the divorce and that he never received any notice of the divorce proceedings beyond the initial complaint. Wife countered with her own affidavit, and that of her housekeeper, to contradict Husband's version of events. The result is, admittedly, a muddled scenario, but questions of fairness and equity are unquestionably raised by the testimony. We cannot ignore the preference for a trial on the merits and the admonition to grant relief should any reasonable doubt exist as to whether the default judgment should be set aside.

In this case there is insufficient evidence that Husband's default was willful, rather than the result of mistake or possible misrepresentation by Wife. In addition, we note that Husband has raised a meritorious defense in his affidavit, challenging the distribution of property set forth in the final divorce decree. Finally, there is no showing that Husband's failure to timely file an answer or enter an appearance has resulted in prejudice to Wife. There has been no loss of evidence nor any increase in the difficulty of discovery, and "[t]he mere passage of time is not the sort of prejudice that supports declining to set a default judgment aside." *Nelson*, 826 S.W.2d at 486. Accordingly, we vacate the default judgment entered by the lower court and remand the case for a trial on the merits. In addition, we vacate the award of attorney's fees to Wife for her defense of the rule 60.02 motion. The award of attorney's fees, which was predicated upon the underlying failure of Husband's motion, cannot stand where Husband's motion is successful.

### Frivolous Appeal

Wife raises the issue of whether Husband should be held liable for damages, pursuant to Tenn. Code Ann. § 27-1-122 (2003), for instituting a frivolous suit. In light of our holding in favor of Husband on the previous two issues, we clearly do not consider his appeal to be frivolous. As such, we decline to award attorney's fees for this appeal to Wife.

**Conclusion**

For the foregoing reasons, we vacate the default judgment of the lower court, as well as its award of attorney's fees, and remand for further proceedings. We instruct the lower court to allow Husband thirty days to file an answer and to then conduct a trial on the merits. Costs of this appeal are taxed to the Appellee, Mary Catherine Watkins, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE