IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2007 Session

## CRYSTAL CAPITAL, LLC v. KATHERINE McMANUS BARBER

**Circuit Court for Davidson County**
**No. 04C-1523     Walter C. Kurtz, Judge**

**No. M2006-00027-COA-R3-CV - Filed on April 20, 2007**

WILLIAM C. KOCH, JR., P.J., M.S., dissenting.

I regret that I cannot concur with the court's opinion in this case. Based on the law, I cannot conclude, as the court has done, that the trial court abused its discretion by denying Ms. McManus's tardy Tenn. R. Civ. P. 60.02 motion to set aside the properly granted default judgment.

The facts are straight-forward. Crystal Capital, LLC purchased a number of delinquent credit card accounts from a credit card issuer. One of these accounts belonged to Ms. McManus. When Ms. McManus refused to pay her debt, Crystal Capital filed suit in the Circuit Court for Davidson County on May 26, 2004. Ms. McManus was served with a copy of the complaint but did not file an answer.[1] Accordingly, on September 22, 2004, Crystal Capital filed a motion for default judgment. The motion informed Ms. McManus that it would be heard on October 8, 2004. Ms. McManus received a copy of this motion but again did not respond or appear at the hearing on Crystal Capital's motion. Accordingly, following a hearing, the trial court entered a final order on November 4, 2004 granting Crystal Capital a default judgment. Ms. McManus received a copy of this judgment.

Ms. McManus hired a lawyer in early 2005, but it was not until September 21, 2005 that she and her lawyer filed a Tenn. R. Civ. P. 60.02 motion to set aside the default judgment. In support of her motion, Ms. McManus stated that she had mistakenly believed that another attorney had been representing her prior to the filing of the motion for default judgment, that she was disabled, and that she had a valid defense to Crystal Capital's complaint.[2] Crystal Capital opposed Ms. McManus's Tenn. R. Civ. P. 60.02 motion.

The trial court conducted a hearing on November 18, 2005. Ms. McManus's lawyer explained that she had delayed pursuing Tenn. R. Civ. P. 60 relief because she had been attempting

---

[1] Ms. McManus states in an affidavit that she mailed letters to the trial court stating that she had a valid defense to the complaint. However, these letters are not in the record, and there is no evidence in this record that the court ever received them. Ms. McManus has not tendered copies of these letters to the court.

[2] Ms. McManus claimed that she had already paid the outstanding balance on her credit card.

to settle with Crystal Capital. On December 1, 2005, the court filed an order denying Ms. McManus's motion. Noting that Ms. McManus had not filed her Tenn. R. Civ. P. 60.02 motion until over ten months after the entry of the default judgment, the court noted that "if the Defendant had filed a Motion within a few months of the judgment being entered against her, the Court may have set aside the judgment at that time."

Decisions regarding whether to grant or deny a Tenn. R. Civ. P. 60.02 motion are discretionary. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). Thus, they must be reviewed using the deferential "abuse of discretion" standard. *Reynold v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003). However, a trial court's discretion should be informed by the Tennessee Supreme Court's direction to liberally construe Tenn. R. Civ. P. 60.02 insofar as default judgments are concerned, *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 867 (Tenn. 1985), and to set aside default judgments if there is any reasonable doubt as to the justness of granting the default judgment. *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003).

Litigants are not entitled to relief from default judgments simply because they belatedly claim that they have a meritorious defense.[3] They must also demonstrate that they meet the requirements of Tenn. R. Civ. P. 60.02, even if these requirements have been relaxed in the context of default judgments. Tenn. R. Civ. P. 1 reflects a policy favoring the "just, speedy, and inexpensive determination of every action." Thus, Tenn. R. Civ. P. 60.02 motions must be filed within a reasonable time. The one-year period for filing Tenn. R. Civ. P. 60.02 motions represents the outside limit for filing these motions,[4] and thus a Tenn. R. Civ. P. 60.02 motion may be rejected as untimely if it is not filed within a reasonable time even though it was filed before the one-year time period expired. *See* 11 Charles A. Wright et al., *Federal Practice and Procedure* § 2866, at 389 (2d ed. 1995).

Ms. McManus did not assert a meritorious defense against Crystal Capital's complaint until sixteen months after she had been sued and ten months after the default judgment had been entered against her. The trial court concluded that this delay was unreasonable. I cannot reverse the trial court's denial of Ms. McManus's Tenn. R. Civ. P. 60.02 motion on these facts.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[3]Based on this record, it is far from clear that Ms. McManus has actually paid the credit card debt she claims to have paid.

[4]Default judgments were formerly referred to as judgments pro confesso. Tenn. Code Ann. § 21-1-402 (1994) requires that parties who have been served with a copy of a judgment pro confesso must come forward and make a defense within six months after being served with the judgment. As a result of the adoption of the Tennessee Rules of Civil Procedure, this statutory limitation on the time for asserting a meritorious defense has no "force or effect." Tenn. Code Ann. § 16-3-406 (1994).