# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER 13, 2009 Session

## DAMON A. TATUM v. MERCEDEAS A. TATUM

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-002175-08    Kay S. Robilio, Judge

---

### No. W2009-00566-COA-R3-CV - December 10, 2009

---

Wife filed a divorce complaint in Judge Robilio's court, which she later voluntarily dismissed. Wife then filed a complaint in the Court of the Judiciary against Judge Robilio. Subsequently, Husband filed a complaint for divorce, and the matter was set in Judge Robilio's court. Wife filed a motion to dismiss for insufficient service of process of Husband's divorce complaint, which was denied after the process server identified Wife as the person he had served.

Wife failed to appear at the hearing on Husband's divorce complaint, and a guardian ad litem was appointed. Husband then filed a motion for default. Wife was notified that the default hearing would take place on October 24, but the hearing was actually held on October 23. When Wife failed to appear, a default judgment was entered against her. After entry of the final decree of divorce, Wife filed a motion for recusal, which was denied.

On appeal, Wife claims that service of process was falsified, that she did not receive notice of the October 23 hearing, and that Judge Robilio should have recused herself. We affirm the trial court's finding that service of process was properly made, and that a guardian ad litem was properly appointed. We also affirm the trial court's denial of Wife's motion for recusal. However, because Wife was not afforded notice of the default hearing, we vacate, as void, the default judgment entered against Wife. This case is remanded for a trial on the merits. All matters, including custody, shall remain in status quo pending further resolution in the trial court.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated in Part and Remanded

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Ivan D. Harris, Jr., Collierville, TN, for Appellant

Gail W. Horner, Germantown, TN, for Appellee

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

Damon A. Tatum ("Husband") and Mercedeas A. Tatum ("Wife") separated and initially filed a divorce action in the State of Missouri, which was subsequently dismissed.  Thereafter, Wife and the parties' three minor children moved to Shelby County, Tennessee, where a second divorce action was initiated by Wife.  Wife voluntarily dismissed her complaint for divorce, and Husband filed a complaint for divorce on May 2, 2008, in the Shelby County Circuit Court.  Husband's divorce complaint was set for a hearing on June 23, 2008.

Wife filed a motion to dismiss for insufficient service of process on June 6, 2008, claiming that the service of process filed with the court had been falsified.  Wife's motion was set for a hearing on August 7, 2008.  Wife failed to appear on August 7, and instead had her parents appear to contest service of process.  The matter was continued to August 29, 2008.

Wife's parents appeared on August 29 pursuant to a subpoena to appear and produce the minor children of the parties.  Wife's parents failed to produce the minor children, and they stated under oath that neither of them had any information as to the whereabouts of Wife or the children except that they were in California.  Wife's father then telephoned Wife from the courtroom, and Wife was placed on a conference call.  Wife stated that she and the children were in California, and she requested that her motion to dismiss be heard.  The trial court, in its order, noted its "reasonable concern regarding the welfare of the minor children [due to the court's inability] to obtain any information regarding the location or status of the children[,]" and Wife verbally agreed to appear on September 19, 2008, the date to which the matter was reset.

Wife, again, failed to appear at the special hearing on September 19.  At the hearing, Husband's counsel presented a sworn statement of the private process server stating that the person served on May 8, 2008, was, in fact, Wife.  Additionally, the process server identified a photograph of Wife as the person served.  The trial court found that Wife was properly served, and it dismissed Wife's motion to dismiss for failure to prosecute.  The trial court issued an Attachment Pro Corpus based on Wife's failure to appear.

Meanwhile, Wife failed to appear at the June 23 hearing on Husband's divorce complaint.  Following the hearing, the trial court entered an order appointing a Guardian Ad Litem and allowing Husband supervised parenting time with the children.  Husband filed a "Motion for Judgment by Default" on July 23, 2008.  Husband's motion was initially set for a hearing on September 5, 2008, but Wife was notified that the motion had been reset for Friday, October 24, 2008.

Due to a "conflict," Husband's motion for default judgment was heard on Thursday, October 23, 2008, and a default judgment was taken against Wife on that date.  A "Final Decree of Absolute Divorce" was entered on December 8, 2008, naming Husband as the primary residential parent and awarding him immediate physical custody of the parties' children.  Wife's motion to alter or amend

the final decree or to set aside the default judgment pursuant to Tennessee Rule of Civil Procedure 60.01 was denied on February 13, 2009. Wife timely appealed to this Court. Wife filed a motion to transfer the case or for a recusal of the trial judge, which was denied on May 13, 2009.

## II. ISSUES PRESENTED

Appellant has timely filed her notice of appeal and presents the following issues for review, restated as follows:

1. Was the service of process valid;
2. Was the Guardian Ad Litem properly appointed;
3. Was the default judgment proper;
4. Should the trial judge have recused herself; and
5. Was the Attachment Pro Corpus valid.

## III. STANDARD OF REVIEW

On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2008); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). When the trial court makes no specific findings of fact, we review the record to determine where the preponderance of the evidence lies. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997) (citing *Kemp v. Thurmond*, 521 S.W.2d 806, 808 (Tenn. 1975)). We accord great deference to a trial court's determinations on matters of witness credibility and will not re-evaluate such determinations absent clear and convincing evidence to the contrary. *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999) (citations omitted). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A. Service of Process

As we stated above, Wife filed a motion to dismiss Husband's divorce complaint, alleging that the service of process filed with the court had been falsified. Wife failed to attend the hearing on her motion on September 19, 2008, in which Grant Oster, of Brewer Detective Service, Inc., identified a photograph of Wife as the person whom he served on May 8, 2008. Detective Oster's

sworn statement was also introduced, stating that he personally served Wife on May 8, 2008. Following the hearing, the trial court entered an order on September 24, 2008, expressly finding that Wife was properly served.

On January 29, 2009, after the decree of divorce was entered, Wife filed the affidavit of Amy Suvansin, Wife's supervisor, stating that Wife was in the State of California from May 7, 2008, to May 9, 2008. On appeal, Wife contends that service of process was not accomplished, as she "was out of state and not available for service of process."

Wife has offered no explanation as to why she did not appear at the September 19, 2008 hearing on her motion. Likewise, she has made no indication that the delay in producing Ms. Suvansin's affidavit was reasonable or necessary. Accordingly, the trial court's finding that service was properly made upon Wife is affirmed. *See* **Tenn. R. App. P. 36(a)**.

### B. Guardian Ad Litem

Next, Wife argues that the appointment of the Guardian Ad Litem arising from the June 23, 2008 hearing was invalid, as Wife was not properly served with notice of such hearing. For the reasons set forth above, this issue is without merit.

### C. Default Judgment

Tennessee Rule of Civil Procedure 55.01 requires that "[a]ll parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action." Rule 55.02 further provides that "[f]or good cause shown the court may set aside judgment by default in accordance with Rule 60.02." **Tenn. R. Civ. P. 55.02**.

It is uncontroverted that Wife was notified that the default hearing would take place on October 24, when, in fact, the hearing was held on October 23. Included in the record before us is the affidavit of courtroom clerk Mary Anderson, who stated that neither Wife, nor anyone on her behalf, was present on October 24 for the default hearing. Husband suggests that this failure to appear on October 24 "is a clear indication that [Wife] had no intention of appearing even had [Wife] been informed the date was moved one day ahead to October 23, 2008." Essentially, he claims that Wife's conduct does not constitute "mistake, inadvertence, surprise, or excusable neglect" for which Rule 60.02 provides relief.

This Court has previously explained "the distinction between cases holding that 'a default judgment entered without proof of proper notice is void' and other cases stating that 'failure of notice is justification for excusable neglect, implying that the default judgment is merely voidable, not void.'" *Frierson v. Johnson*, No. M2006-02598-COA-R3-CV, 2008 WL 555721, at *6 (Tenn. Ct.

-4-

App. Feb. 28, 2008) (quoting *Estate of Vanleer v. Karakas*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *6 (Tenn. Ct. App. Dec. 5, 2002)).

> We think the distinction may lie in the proof of service presented to the trial court when the default judgment is requested. Where, as in this case, the default judgment was granted on the basis of counsel's certificate of service, which constitutes proof of service, the judgment was validly entered at the time, and the question is whether it should have been set aside based upon equitable principles. Thus, the judgment was not void. The question of whether a default judgment entered without notice or compliance with other procedural requirements is primarily relevant herein to the question of whether, to obtain relief from the judgment, the defendant is required to demonstrate a meritorious defense. Generally, a party seeking to set aside a default judgment must show that he or she has a meritorious defense to the suit, but that requirement does not apply where the default judgment is void.

*Id.* (quoting *Vanleer*, at *6, n.7).

In *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003), notices concerning the motion for a default judgment and the hearing on such motion were sent to the wrong address, and the defendants denied receiving them. Based on the improper notice, which was apparent from the certificates of service, this Court found the "defendants' failure to assert a meritorious defense was not fatal to their motion to set aside the default judgment." *Frierson*, 2008 WL 555721, at *6 (citing *Reynolds*, 108 S.W.3d at 253); *see also Decker v. Nance*, No. E2005-2248-COA-R3-CV, 2006 WL 1132048, at *3 (Tenn. Ct. App. Apr. 6, 2006) ("The showing of a meritorious defense is not required 'where the default judgment was procured in violation of the Rules of Civil Procedure.'"). However, in *Vanleer*, where the defendants denied receiving notice of the default hearing, "'though the certificate of service appear[ed] proper in all respects[,]'" this Court found that if the defendants could demonstrate a lack of actual notice, then they would be entitled to have the default judgment set aside based on excusable neglect. 2002 WL 32332191, at *7.

Rule 55.01 implicitly requires that the notice sent to the party against whom a default judgment is sought convey the *correct* hearing date. Thus, the notice afforded to Wife in this case did not meet the required procedural safeguards of Rule 55.01. Accordingly, based on the above-cited cases, we find that the default judgment against Wife is void, rather than voidable, as it was issued with insufficient notice, which was evident from the face of the notice. Because of the facially insufficient notice, we need not address the issue of excusable neglect under Rule 60.02. *Id.* at *7.

### D. Recusal

Next, Wife argues that the trial judge erred in denying her motion for recusal. The basis for Wife's motion is somewhat unclear. Wife describes the circumstances as follows:

> The parties initially separated and filed a divorce proceeding in the State of Missouri which was subsequently dismissed. [Wife] relocated to Shelby County, Tennessee, the County where her parents reside. A new divorce action was filed in Shelby County; custody of the parties' minor children was not initially at issue in that proceeding, however, during the course of that proceeding the trial judge sua sponte raised the custody issue. As a result [Wife] took a voluntary non-suit in the case and subsequently a complaint was filed by [Wife] with the Court of the judiciary concerning the conduct of the trial judge.

On appeal, Wife argues that recusal is warranted, as "the existing complaint to the Court of the judiciary . . . . creates the potential appearance of bias[.]"

Our Supreme Court recently discussed motions to recuse:

> Whether a trial judge should grant a motion for recusal is within the discretion of the trial judge. [*Bd. of Prof'l Responsibility of Sup. Ct. of Tenn. v.*] *Slavin ,* 145 S.W.3d [538] at 546 [(Tenn. 2004)]. Such a decision "will not be reversed unless a clear abuse [of discretion] appears on the face of the record." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001) (alteration in original). "[A] trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *State v. Ruiz,* 204 S.W.3d 772, 778 (Tenn. 2006).

> Tennessee Supreme Court Rule 10, Canon 3(E)(1) states, "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer...." We have held that a recusal motion should be granted when "the judge has any doubt as to his or her ability to preside impartially in the case" or " 'when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.' " *Davis,* 38 S.W.3d at 564-65 (quoting *Alley v. State,* 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). Even if a judge believes he can be fair and impartial, the judge should disqualify himself when " 'the judge's impartiality might be reasonably questioned' " because "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Id.* (quoting Tenn. Sup. Ct. R. 10, Canon 3(E)(1)).

***Bean v. Bailey***, 280 S.W.3d 798, 805 (Tenn. 2009).

"A motion for recusal should be filed when the facts forming the basis of that motion become known." ***Id.*** at 803 (citing *Davis v. Tenn. Dep't of Employment Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999)); *see also Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). "The failure to seek recusal in a timely manner may result in the waiver of any complaint concerning the judge's impartiality." ***Id.*** (citing *Davis*, 23 S.W.3d at 313). In the instant case, Wife filed her complaint against Judge Robilio with the Court of the Judiciary at some time prior to the filing of Husband's divorce complaint on May 2, 2008. On May 2, Judge Robilio set Husband's divorce complaint for a hearing, and Wife was properly served on May 8, 2008. Thus, on May 8, Wife was afforded notice that Judge Robilio would hear the matter. However, wife failed to file her motion to recuse until February 27, 2009–more than nine months after Husband's divorce complaint was filed, and nearly three months after the entry of the final decree of divorce. "A party cannot 'know of [allegedly] improper judicial conduct, gamble on a favorable result by remaining silent as to that conduct, and then complain that he or she guessed wrong and does not like the outcome.' " ***Id.*** (quoting *State v. Lotter,* 255 Neb. 456, 586 N.W.2d 591, 610 (1998)) (alteration in original). Because Wife failed to timely assert her recusal basis, we find that she has waived her right to question Judge Robilio's impartiality. ***See Kinard***, 986 S.W.2d at 228 ("Courts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order 'to experiment with the court . . . and raise the objection later when the result of the trial is unfavorable.'" (quoting *Holmes v. Eason*, 76 Tenn. (8 Lea) 754, 757 (1882); *Gotwald v. Gotwald*, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988)).

### E.    Attachment Pro Corpus

Finally, Wife asserts that the attachment pro corpus was invalidly issued against her. At oral argument, Wife conceded that the attachment pro corpus against her has been withdrawn, and she requested no further action of this Court. Thus, we decline to address this issue.

## V. Conclusion

For the aforementioned reasons, we affirm the trial court's finding that proper service of process was made, and we affirm its decision to deny Wife's motion for recusal. However, we set aside the default judgment entered against Wife, and we remand for a trial on the merits. All matters, including custody, shall remain in status quo pending further resolution in the trial court. Costs of this appeal are taxed equally to Appellant, Mercedeas A. Tatum, and her surety, and Appellee, Damon A. Tatum, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.