# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 6, 2010

## BRENDA CARROL BIVENS v. DONALD EUGENE BIVENS

**Appeal from the Circuit Court for Hamilton County**
**No. 08D815    W. Jeffrey Hollingsworth, Judge**

---

**No. E2010-00248-COA-R3-CV - FILED NOVEMBER 22, 2010**

---

Brenda Carrol Bivens ("Wife") filed this divorce action against Donald Eugene Bivens ("Husband") in the Hamilton County Circuit Court in the Eleventh Judicial District. At the time of the parties' separation, they lived in Grundy County in the Twelfth Judicial District. Husband has lived in Grundy County his entire adult life. Husband filed a motion to dismiss for improper venue which he claims was granted orally by the Trial Court. No order dismissing the case ever was entered. The Trial Court later entered a final decree and marital dissolution agreement submitted by Wife and signed by Husband. Husband filed a motion to set aside the final decree. Following a hearing, the Trial Court determined that Husband had waived any objection to venue and refused to set aside the final decree. Husband appeals. We conclude that Husband did not waive his objections to venue and that the proper venue in this case never has been Hamilton County. Accordingly, we vacate entry of the final decree and remand this case to the Circuit Court for Hamilton County with instructions to transfer this case to an appropriate court in Grundy County.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Michelle M. Benjamin, Winchester, Tennessee, for the Appellant, Donald Eugene Bivens.

Katherine H. Lentz, Chattanooga, Tennessee, for the Appellee, Brenda Carrol Bivens.

**OPINION**

**Background**

Wife filed a complaint for divorce in April of 2008. In her complaint, Wife alleged that Husband was guilty of cruel and inhuman treatment or, in the alternative, that irreconcilable differences existed between the parties.[1] The complaint was filed in the Eleventh Judicial District, which is comprised solely of Hamilton County.

In February of 2009, Wife filed a motion for default alleging that Husband had failed to appear or otherwise respond to the complaint. The Trial Court entered a default judgment against Husband and set the case "for a hearing ex parte on Friday, March 13, 2009, at 8:30 am for entry of the Final Decree of Divorce." Following the ex parte hearing, a Final Decree was entered on March 19, 2009. In the Final Decree, Wife was awarded the entire interest in the marital residence located in Grundy County, Tennessee. Grundy County is in the Twelfth Judicial District.

On March 30, 2009, Husband appeared for the first time in this matter and filed a motion to dismiss. According to Husband's Motion:

> Venue of this case is proper in Grundy County, Tennessee, as the parties resided in Gruetli-Laager, Grundy County, Tennessee, for the duration of the marriage, and prior to their separation approximately two years ago. Gruetli-Laager in Grundy County has always been the domicile of [Husband], and he has not resided anywhere else. Therefore, this action should have been filed in Grundy County, Tennessee and should be dismissed.
>
> According to the clerk's office, [Wife] made two attempts to serve [Husband] with process in Grundy County, Tennessee that were unsuccessful. [Wife's] proposed Final Decree states that [Husband] was served by publication, but

---

[1] The complaint states that the statistical information pertaining to the parties as required by Tenn. Code Ann. § 36-4-106 was being attached to the complaint as an exhibit. If this information was attached to the complaint, it was not included in the record on appeal. Because this information was not attached to the complaint and/or was not included in the record, we do not have useful and very basic information about the parties, such as their age, how long they were married, etc. We note that the complaint does indicate that the parties have two adult children.

such claim appear[s] to be unsupported by the court's record.
(original paragraph numbering omitted)

Husband requested that the action be dismissed for improper venue and ineffective service of process, that costs be taxed to Wife, and that he be awarded attorney fees.

On March 30, 2009, the Trial Court entered an order setting aside the Final Decree and ordering that Husband be served by publication and "upon expiration of the required statutory time period [Wife] may take appropriate steps as provided by law." The Trial Court reserved making a ruling as to costs.

Notice of the divorce proceeding was published in the Hamilton County Herald. The notice indicates that a divorce action had been filed and [Husband] was a non-resident of the State of Tennessee. Contrary to the statement contained in the notice as to Husband's residence, Husband was not living in another state. In fact, he was living in the marital residence in Grundy County, Tennessee.

On April 3, 2009, Husband again filed his motion to dismiss on the basis of improper venue and ineffective service of process. On June 29, 2009, Husband filed a motion to dismiss claiming lack of jurisdiction on the same basis, i.e., the action should have been filed in Grundy County, not Hamilton County, and Husband had not been properly served.

On July 27, 2009, the Trial Court entered a second Final Decree of Divorce that was tendered to the Court by Wife. The final decree contained a marital dissolution agreement that was signed by Husband and Wife on June 29, 2009. Once again, Wife was awarded the entire interest in the marital residence located in Grundy County.

On August 26, 2009, Husband filed a motion to set aside the July 27, 2009 Final Decree of Divorce and dismiss this case. According to Husband, at a hearing on July 13, 2009, the "Motion to Dismiss filed by Defendant was granted on the basis of improper venue and no effective service of process." Husband noted that the Trial Court's file indicates that the "attys [were to] submit ag. order on Motion to Dismiss." We note that no such agreed order ever was entered. Husband's attorney did, however, submit a proposed order to the Trial Court granting the motion. This proposed order never was entered.[2]

---

[2] We have been unable to determine from the record if, on July 13, 2009, the Trial Court actually did orally grant Husband's motion to dismiss.

In any event, Husband went on to allege that following the hearing, Wife brought him documents to sign "before he had time to consult his attorney." According to Husband's affidavit filed in support of his August 26, 2009 motion, Wife told him that she had the documents prepared the way that Husband wanted them prepared and that they both would continue to own the marital residence. Husband claimed that he relied on Wife's false assertions and signed the documents, even though he has only a "2nd grade [education] and cannot read very well."

The caption of the final decree submitted by Wife to the Trial Court states that the proceedings were pending in the "Twelfth Judicial District at Altamont." Altamont is in Grundy County. As stated, however, this action was pending in Chattanooga in Hamilton County, and the final decree was entered in Hamilton County.

The Trial Court treated Husband's motion to set aside and to dismiss as a Rule 60 motion and a hearing was conducted. As pertinent to this appeal, Husband testified at the hearing that he was living and always had lived in Grundy County. Husband testified that he signed the documents given to him by Wife only after Wife assured him that they would leave things as they were with respect to ownership of the parties' real property when, in fact, they divested him of any ownership interest.

Wife testified that she currently was living in Chattanooga. Wife claims she told Husband that the marital dissolution agreement put title to the parties' real property solely in her name, but that Husband signed it anyway. Wife acknowledged that Husband was living in Grundy County and has lived in Grundy County his entire adult life.

Following the hearing, the Trial Court entered an order denying Husband's Rule 60 motion and ratifying the July 27, 2009, final decree. The Trial Court determined that by signing the marital dissolution agreement and final decree, Husband implicitly waived any objection to venue or service of process.

Husband appeals claiming the matter should be dismissed for improper venue and ineffective service of process. Husband also requests an award of costs and attorney fees. Wife asks this Court to affirm the judgment of the Trial Court. Wife asserts that she is entitled to attorney fees incurred on appeal because Husband's appeal is frivolous.

### Discussion

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721,

727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). We review a trial court's refusal to set aside a final decree pursuant to Tenn. R. Civ. P. 60 under the abuse of discretion standard. *See Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003).

Tenn. Code Ann. § 36-4-105(a) governs venue in divorce cases. According to this statute:

> The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court or other court having divorce jurisdiction, in the county where the parties reside at the time of their separation, or in which the defendant resides, if a resident of the state; but if the defendant is a nonresident of the state or a convict, then in the county where the applicant resides.

Tenn. Code Ann. § 36-4-105(a) (2005).

At the time the divorce was filed and throughout these proceedings, the only county with proper venue was Grundy County. This is where Husband lived and where the parties resided at the time of their separation. Husband never was a "nonresident of the state." Tenn. Code Ann. § 36-4-105(a). In short, this lawsuit never should have been filed in Hamilton County.

Even though Husband claims that the Trial Court initially granted his motion to dismiss for improper venue and instructed the parties to submit an agreed order dismissing the action, due to the sparse record on appeal, we cannot ascertain if the motion indeed was granted or denied. All we know is that the Trial Court instructed counsel to submit an agreed order. This never happened, although, as noted, counsel for Husband did submit a proposed order granting the motion, but this proposed order never was entered by the Trial Court.

There is no doubt that pursuant to Tenn. Code Ann. § 36-4-105(a), Hamilton County was not the proper venue. The question then becomes whether Husband implicitly waived venue, as found by the Trial Court. Husband filed a motion to dismiss for improper venue on multiple occasions. According to Husband, the motion had been granted orally by the Trial Court. Wife then made an end-run around Husband's attorney and got him to sign a marital dissolution agreement and final decree that were not reviewed by Husband's

attorney. Even these documents were confusing as the final decree incorrectly stated that the action was pending in the "Twelfth Judicial District at Altamont."

Given all of the foregoing, we conclude that Husband cannot be deemed to have waived his objection to venue, and, therefore, the Trial Court erred when it denied Husband's motion to set aside the final decree. We vacate entry of the final decree and marital dissolution agreement. On remand, the Circuit Court for Hamilton County is instructed to transfer this case to an appropriate court in Grundy County.

The next issue is whether Husband ever was effectively served with process. Wife argues that because the marital dissolution agreement references the pending action, the Trial Court correctly determined that Husband waived service of process pursuant to Tenn. Code Ann. § 36-4-103(a)(2). This statute provides, among other things, that in lieu of service of process, "the defendant may enter into a written notarized marital dissolution agreement with plaintiff that makes specific reference to a pending divorce by a court and docket number. . . ."

The problem with Wife's argument is that the marital dissolution agreement also states that the action was pending in the "Twelfth Judicial District at Altamont." However, the words "Twelfth" and "Altamont" are scratched out and the words "Eleventh" and "Chattanooga" were hand-written over the scratched-out words. We have no way of knowing if these changes were made before or after Husband signed the marital dissolution agreement. Because we have vacated entry of the final decree and marital dissolution agreement and ordered the case to be transferred to the proper venue, the validity of any purported waiver of service of process is a matter that will need to be addressed by the Grundy County court on remand.[3]

The final issues surround each party's claim for attorney fees. We decline to award either party attorney fees incurred on appeal. Husband also claims he should be awarded attorney fees incurred below. We decline to award Husband attorney fees incurred below as this is a matter that needs initially to be addressed by the Grundy County court. Our present denial of Husband's request for attorney fees incurred below shall have no prejudicial effect on either party later requesting attorney fees incurred below should they properly demonstrate entitlement to such an award to the Grundy County court. Notwithstanding the foregoing, the Circuit Court for Hamilton County is instructed to tax costs incurred in that venue to Wife.

---

[3] We note that Wife obtained new counsel, her current attorney, on February 19, 2010.

## **Conclusion**

The judgment of the Trial Court is vacated. This cause is remanded to the Circuit Court for Hamilton County with instructions to transfer this case to an appropriate court in Grundy County for further proceedings consistent with this Opinion. The Circuit Court for Hamilton County is instructed to tax court costs incurred in that venue to Wife. Costs on appeal also are taxed to Wife, Brenda Carrol Bivens, for which execution may issue, if necessary.


_____
D. MICHAEL SWINEY, JUDGE