IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2010


**BENEDICTA KURUNWUNE OBI v. GEORGE OBI**


**Appeal from the Circuit Court for Davidson County**
**No. 08D-1360     Philip E. Smith, Judge**


**No. M2010-00485-COA-R3-CV - Filed June 1, 2011**


FRANK G. CLEMENT, JR., J., concurring.


I concur with the majority's decision; however, I would assess costs of this appeal against Mr. Obi ("Husband"), not Mrs. Obi ("Wife"), in that this appeal was a result of Husband's omissions. Further, I write separately to state that I believe, upon proper application pursuant to Tenn. R. Civ. P. 37 by Wife on remand, the trial court may consider imposing monetary sanctions against Husband in the form of expenses and/or attorney fees.

If, like here, a *pro se* party relocates during the course of litigation, he has the responsibility of notifying the clerk of the court and opposing counsel of his new address. *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003). Without such notification, the clerk and opposing counsel cannot assure that subsequent notices to the party will be received. *Id.* When Husband moved from the address where he was served with process in this action and was unrepresented by counsel, he was under the affirmative duty to notify the court and counsel of his new address. Husband did not, and he presented no justifiable reason for his failure to do so. Moreover, Husband knew, or should have known, that Wife would continue to pursue the divorce action and he knew, or should have known, that it was essential for the clerk and Wife's attorney to know of his new address, yet he failed to inform anyone of his new address for months, all the while the case proceeded.

Husband was fully aware that discovery had been served upon him and he was also aware that he had been granted an extension of time, an additional twenty days, to respond to discovery; yet he never did. The foregoing notwithstanding, Husband has presented credible evidence that he has a meritorious defense to the amount of the child support award, and that he has a meritorious claim that he is entitled to a different parenting plan. Further, the amount of prejudice to Wife will be modest. Therefore, balancing the interests of finality

with justice, *see Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976), I concur that Husband should be afforded relief from the parenting plan and child support provisions.

The foregoing notwithstanding, due to Husband's omissions, the trial court, upon proper application by Wife pursuant to Tenn. R. Civ. P. 37, may consider imposing monetary sanctions against Husband in the form of expenses and attorney fees which Wife incurred as a result of Husband's failure to comply with discovery and his other omissions.

_____
FRANK G. CLEMENT, JR., JUDGE