IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 02, 2014


# NICOLE GOESER, ET AL. V. LIVE HOLDINGS CORPORATION, ET AL.


**Appeal from the Circuit Court for Davidson County**
**No. 10C727     Hamilton V. Gayden, Jr., Judge**

———————————

**No. M2013-02501-COA-R3-CV - Filed December 29, 2014**

———————————


Defendant in wrongful death action appeals the grant of a default judgment entered against him on the ground that he did not receive a copy of the motion prior to the hearing and, consequently, could not present a defense. Upon consideration of the entire record, we affirm the judgment in all respects.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**


RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P. J., M. S., and W. NEAL MCBRAYER, J. joined.

Hank Wise, Clifton, Tennessee, Pro Se.

Daniel Lyn Graves, II, Murfreesboro, Tennessee, for the appellee, Nicole Goeser.


**MEMORANDUM OPINION**[1]


Nicole Goesner, surviving spouse and next of kin of Benjamin Goeser, filed suit on February 26, 2010, to recover for the death of her husband at a sports bar in Nashville known as Jonny's. The complaint named Live Holdings Corporation, Jonathon Steinberg, Marathon Properties, LLC, and Hank Wise as defendants and alleged that on April 2, 2009, Benjamin

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Goeser was shot and killed at Jonny's by Mr. Wise, and that the other defendants bore some affiliation with Jonny's and owed various duties to Benjamin Goeser which those defendants breached. The record shows that Mr. Wise was served with the complaint and summons process on March 10, 2010, at the Davidson County Criminal Justice Complex, where he was then incarcerated; the record does not show that Mr. Wise filed an answer or otherwise responded to the complaint. On July 14, 2011, an amended complaint was filed, naming the Estate and Ms. Goeser as Plaintiffs and Jonny's, Jonathon Steinberg and Hank Wise as defendants; the certificate of service recites that Mr. Wise was served with a copy at the Criminal Justice Complex. On July 29, 2013, Plaintiffs moved for a default judgment against Mr. Wise, setting a hearing on the motion for August 23; a copy was served on Mr. Wise at the Criminal Justice Complex. At the hearing a default judgment was granted and a damage hearing was set for September 30; the order was entered following the hearing on August 29 and a copy was served on Mr. Wise at the Criminal Justice Complex.

On September 24, 2013, Mr. Wise filed a document styled "Brief of the Defendant, Hank C. Wise" in the trial court in which he asserted that he did not receive a copy of the motion for default until August 26, three days after the hearing on the motion, because he was residing at South Central Correction Facility in Clifton rather than the Criminal Justice Complex. On October 9 the court entered an order granting Plaintiffs $3,000,000.00 as compensatory damages and $20,000,000.00 in punitive damages. On October 30, Mr. Wise filed his Notice of Appeal; the basis of Mr. Wise's appeal is that the motion for default was sent to the wrong address.

We have reviewed the record and Mr. Wise's brief on appeal; significantly, he does not assert that he was not served with the summons and complaint. There is no pleading, letter or other document in the record from Mr. Wise advising the court (and parties) of an address other than that at which he was served with the complaint. The summons advises that "defense must be made within thirty (30) days from the date this summons is served on you" and that "[i]n case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint."

The record shows that Plaintiffs complied with the applicable rules of procedure in serving Mr. Wise with the summons and complaint and the motion for default judgment.[2] The record does not show that Mr. Wise entered any appearance in the case, in person or by counsel, or otherwise advised the court of any change in his address after he was served with

---

[2] Tenn. R. Civ. P. 55.01 requires that parties be given written notice of the application for default judgment at least five days prior to the hearing. Tenn. R. Civ. P. 5.02(1) requires service on a party to be made by delivering it to the person's last known address.

the complaint. Having failed to do so, neither the court nor the parties had any further responsibility to notify him of the default proceedings. *See Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003) ("If a litigant proceeding *pro se* relocates during the course of litigation, he is encumbered with the responsibility of notifying the clerk of the court of his new address."). Accordingly, the default judgment was properly entered. For the same reason, he would not be entitled as a matter of law to relief from the judgment pursuant to either Tenn. R. Civ. P. 59 or 60.

For the foregoing reasons, the judgment is affirmed.


_____
RICHARD H. DINKINS, JUDGE