**Angela Faye Dyer BRUMLOW b/n/f Janice Dyer, Plaintiff-Appellant,**

**v.**

**Delton BRUMLOW, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Dec. 9, 1986.

Application for Permission to Appeal Denied March 9, 1987.

John R. Meldorf, III, Hixson, for plaintiff-appellant.

Judith A. Corrente, Chattanooga, for defendant-appellee.

CRAWFORD, Judge.

Appellant, Janice Dyer, filed a "Complaint of Annulment" in the Chancery Court of Hamilton County styled Angela Fay Dyer Brumlow, b/n/f Janice Dyer, Plaintiff, versus Delton Brumlow, Defendant. The complaint alleges in substance that Janice Dyer's fifteen year old daughter was married to the twenty year old defendant on November 14, 1985, after the Juvenile Court Judge of Hamilton County, pursuant to T.C.A. § 36–3–107 (1986 Supp.) waived the waiting period and age requirement for issuance of a marriage license prescribed in T.C.A. § 36–3–104, 105 (1980). The complaint alleges that Janice Dyer received no notice of such waiver and makes various other allegations concerning the expenses incurred in connection with the birth of Angela Brumlow's daughter none of which are really material to our consideration of this case.

Defendant answered the complaint individually and as next friend of Angela Fay Dyer Brumlow. In general, the answer avers that the parties were legally married and wanted to stay legally married. Subsequently, the defendant filed a motion for summary judgment supported by the affidavit of defendant Delton Brumlow and the affidavit of Angela Fay Dyer Brumlow. By order entered March 10, 1986, the chancery court granted defendant's motion for summary judgment and dismissed the case. No notice of appeal was filed from the order of the trial court granting summary judgment.

On April 22, 1986, plaintiff, Janice Dyer, filed a motion styled "T.R.C.P. 60 Motion to Set Aside Judgment" which states as follows:

### T.R.C.P. 60 MOTION TO SET ASIDE JUDGMENT

Comes the Plaintiff and moves this Honorable Court for an Order setting aside the judgment in [sic] this cause and for the entry of a new judgment specifying the reasons for dismissal and would show in support thereof:

1. Upon the conclusion of the Court's hearing on Defendant's Motion for Summary Judgment, the Court said from the bench to the best of counsel's recollection, "I think this matter belongs in Circuit Court. I am going to sustain this Motion for Summary Judgment."

2. Plaintiff proceeded to file this cause in the Circuit Court of Hamilton County, Tennessee, Docket # D–56333.

3. Upon said filing, Defendant filed a Motion to dismiss and Plaintiff argued thereof [sic] to the Circuit Judge that since this Court had granted Summary Judgment, the Court's Order of [sic] res judicata upon the issues before the Circuit Court.

4. Wherefore, upon the request of the Plaintiff, the Circuit Court continued the hearing upon that Motion for 3 [sic] weeks to enable this Court, if it so desired, to amend its Order to specify in the Order of Dismissal the grounds therefore.

5. Plaintiff respectfully suggests that justice and equity support said specification.

On May 6, 1986, the court entered an order denying the motion which we quote:

## ORDER DENYING MOTION

This matter came on further to be heard on the 20th day of April, 1986, before the Honorable Howell Peoples, Chancellor in and for the county aforesaid, upon Plaintiff's Rule 60 Motion to set aside judgment and for a new Order in this cause. Whereupon, the Court finding that on February 17, 1986, it was the Court's feeling in deciding the Summary Judgment Motion argued at that time that an appeal of the Juvenile Court's decision to Circuit Court rather than a collateral attack in the form of this Petition for annulment was the proper course for the Plaintiff, it is accordingly,

ORDERED, that Plaintiff's Motion to Set Aside be and the same is hereby overruled.

ENTERED this 6th day of May, 1986.

On June 5, 1986, plaintiff filed a notice of appeal which we quote:

## NOTICE OF APPEAL

Notice is hereby given that Angela Faye Dyer Brumlow b/n/f Janice Dyer, Plaintiffs above named, hereby appeal to the Court of Appeals *from the final judgment entered in this action on the 6th day of May, 1986.*

(Emphasis ours).

Plaintiff has presented two issues for review by the Court which we quote from plaintiff's brief.

I.   Whether the Honorable Trial Court erred in dismissing the Complaint filed in this cause.

II.   Whether the Honorable Trial Court erred in failing to set aside its original dismissal to specify grounds for the original dismissal, when the Court nevertheless listed said grounds within the order denying said specification.

In consideration of plaintiff's first issue we note that the order dismissing plaintiff's complaint was entered March 10, 1986, and the notice of appeal was filed June 5, 1986. On April 22, 1986, more than 30 days after the entry of the order of dismissal, plaintiff filed a motion pursuant to Tenn.R.Civ.P. 60.02 to set aside the order of dismissal. T.R.A.P. 4(a) provides that "the notice of appeal ... shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." If certain motions specified in T.R.A.P. 4(b) are timely filed, time for filing the notice of appeal shall run from the entry of the order denying the motion. None of the specified motions were filed by plaintiff in this case.

In *John Barb, Inc. v. Underwriters at Lloyds,* 653 S.W.2d 422 (Tenn.App.1983), the court said:

Under T.R.A.P., Rule 2, appellate courts are expressly prohibited from extending the time allowed for taking appeal as of right. *Gassaway v. Patty,* 604 S.W.2d 60 (Tenn.App.1980), and the time limit provided by T.R.A.P., Rule 4, is mandatory and jurisdictional. The rules for perfecting an appeal must be strictly complied with and are not subject to waiver, *G.F. Plunk Const. v. Barrett Properties,* 640 S.W.2d 215 (Tenn.1982), ...

*Id.* at 424.

As a consequence of the plaintiff's not filing a timely notice of appeal as required we cannot consider plaintiff's first issue presented for review.

Plaintiff's second issue presented for review is whether the trial court erred in failing to set aside the original order of dismissal.

Plaintiff filed her motion pursuant to Tenn.R.Civ.P. 60.02 which provides in part:

60.02 *Mistakes—Inadvertence—Excusable Neglect—Fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated,

or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Plaintiff's 60.02 motion is silent as to why plaintiff did not appeal the final judgment within 30 days, nor does it specify any grounds for the relief sought. The record contains no proof of any evidence introduced in support of plaintiff's motion. To set aside a motion under Tenn.R.Civ.P. 60.02, the burden of proof is cast on movant and there must be proof of the basis on which relief is sought. *See Rhea v. Meadowview Elderly Apartments, Ltd.,* 676 S.W.2d 94 (Tenn.App.1984). In the case before us the proof is totally lacking. Furthermore, the setting aside of a final judgment lies within the sound discretion of the trial court. *Keck v. Nationwide Systems, Inc.,* 499 S.W.2d 266 (Tenn.App.1973). We find nothing amiss in the discretion exercised by the trial court.

Accordingly, the judgment of the trial court is affirmed, and costs are assessed against the appellant.

TOMLIN, P.J. (W.S.), and HIGHERS, J., concur.