IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 14, 2006 Session

## STEVEN A. DAVIS, JR. v. APRIL DAWN (BLACKMON) DAVIS

**A Direct Appeal from the Chancery Court for Sumner County**
**No. 2004D-411     The Honorable Tom E. Gray, Chancellor**

_____

**No. M2005-02620-COA-R3-CV - Filed on December 20, 2006**

_____

Appellant appeals the denial of a Tenn. R. Civ. P. 60.02 motion for relief from a Final Decree of Divorce as it relates to child custody. Appellant asserts that the judgment is void for lack of jurisdiction under the UCCJEA due to the entry of a previous order of protection in the Alabama family court. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and WILLIAM C. KOCH, JR., J., joined.

Russell E. Edwards of Hendersonville, Tennessee for Appellant, April Dawn (Blackmon) Davis

John R. Phillips, Jr. of Gallatin Tennessee for Appellee, Steven A. Davis, Jr.

### OPINION

April Dawn (Blackmon) Davis ("Appellant") and Steven A. Davis ("Appellee") were married for approximately four years. One child, Hunter Allen Davis, was born to this marriage. On April 16, 2004, Ms. Davis left the marital home with the minor child and moved to Alabama. On August 17, 2004, Ms. Davis petitioned the Family Court of Jefferson County, Alabama for a Protection from Abuse Order. In her petition, Ms. Davis alleged, _inter alia_, that Mr. Davis had punched her and slapped the child, that Mr. Davis was involved with drugs and alcohol, and that Mr. Davis had been stalking her and members of her family. Based upon Ms. Davis's allegations, the Alabama court granted an _ex parte_ Temporary Order, which granted Ms. Davis custody of the minor child, suspended Mr. Davis's contact with the child, and restrained him from contacting Ms. Davis.

On September 3, 2004, Mr. Davis filed a Complaint for Absolute Divorce against Ms. Davis in the Chancery Court of Sumner County, Tennessee (the "trial court"). Attached as exhibits to the Complaint were the Petition for Protection from Abuse and Temporary Order. Along with his

Complaint, Mr. Davis submitted a proposed Order ordering Ms. Davis to appear with the child at a hearing in the trial court scheduled for September 27, 2004 to approve a temporary parenting plan. This Order was approved and entered on September 3, 2004. The hearing was continued to October 4, 2004 and Ms. Davis was served with notice of this hearing.

Ms. Davis did not appear at the October 4, 2004 hearing and, on October 6, 2004, the trial court entered a temporary parenting plan giving Mr. Davis sole custody of the child with Ms. Davis's visitation reserved pending further hearing. In its October 6, 2004 Order, the trial court specifically found that it had full jurisdiction over this matter because all parties were residents of Tennessee.

On November 29, 2004, Mr. Davis filed a Motion for Default and Entry of Final Judgment due to Ms. Davis's failure to file any responsive pleadings. The motion was set for hearing on December 13, 2004. Ms. Davis also failed to appear at this hearing and, on December 22, 2004, the trial court entered a Final Decree of Divorce, in which Mr. Davis was awarded full custody of the minor child in accord with the incorporated parenting plan.

On November 19, 2004, Ms. Davis filed a Verified Complaint for Divorce in the Circuit Court at Jefferson County, Alabama. On March 1, 2005, this Complaint was dismissed for lack of prosecution. On March 29, 2005, an Order was entered in the Circuit Court at Cullman County, Alabama enrolling, registering, and domesticating the Sumner County, Tennessee Final Decree of Divorce, and further ordering Ms. Davis to return the child to Mr. Davis pursuant to that Decree.

On October 5, 2005, Ms. Davis filed a Tenn. R. Civ. P. 60 motion in the trial court to set aside the permanent parenting plan that had previously been entered by default pursuant to the Final Decree of Divorce. On October 6, 2005, the Family Court of Jefferson County, Alabama dismissed and expunged the Protection from Abuse Order it had entered on August 17, 2004. On October 19, 2005, Ms. Davis filed, in the trial court, a Petition to Transfer Jurisdiction to Alabama and a Motion for Temporary Injunction to prevent Mr. Davis from removing the child from Ms. Davis in Alabama.

On November 3, 2005, the trial court entered an Order denying Ms. Davis's Tenn. R. Civ. P. 60 motion to set aside the permanent parenting plan and motion for temporary injunction. On November 17, 2005, Ms. Davis filed a voluntary non-suit seeking dismissal, without prejudice, of her previously filed motion to transfer jurisdiction. On November 29, 2005, the trial court filed an Order dismissing Ms. Davis's petition to transfer jurisdiction without prejudice. On November 14, 2005, Ms. Davis filed a Notice of Appeal from the Order denying her Tenn. R. Civ. P. 60 motion. She raises one issue for review as stated in her brief:

> Whether the trial court erred in denying Ms. Davis's Rule 60 motion to set aside the permanent parenting plan.

Rule 60.02 of the Tennessee Rules of Civil Procedure states, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken....

Relief under Tenn. R. Civ. P. 60.02 is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn.1992). The function of Rule 60.02 is "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn.1976). Rule 60.02 operates as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990). However, "[b]ecause of the 'principle of finality,' the 'escape valve' should not be easily opened." *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn.1991) (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn.1991)).

The disposition of motions under Rule 60.02 is best left to the discretion of the lower court, and such decisions are reversed only if they constitute an abuse of that discretion. *Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn.Ct.App.1998) (quoting *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn.1993)). To set aside a judgment under Rule 60.02, the burden is upon the movant to prove that he or she is entitled to relief, and there must be proof of the basis on which relief is sought. *See Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn.Ct.App.1986); *Jefferson v. Pneumo Servs. Corp.,* 699 S.W.2d 181, 186 (Tenn.Ct.App.1985). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge. Accordingly, the scope of review on appeal is limited to whether the trial judge abused his or her discretion. *See Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn.1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn.1985).

On appeal, Ms. Davis argues that the trial court abused its discretion in denying her relief under Tenn. R. Civ. P. 60.02. Specifically, Ms. Davis alleges that the trial court was without jurisdiction to enter the permanent parenting plan because the temporary order entered by the Alabama court removed jurisdiction from the trial court under the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as codified at T.C.A. § 36-6-201 et seq. Ms. Davis argues that, without proper jurisdiction, the judgment of the trial court is void *ab initio* and, consequently, relief should be granted under Tenn. R. Civ. P. 60.02(3). We disagree.

As a basis for her argument that the Tennessee court had no jurisdiction to enter the permanent parenting plan in this case, Ms. Davis relies upon T.C.A. § 36-6-221 (2005), which reads, in relevant part:

> (a) Except as otherwise provided in § 36-6-219, a court of this state may not exercise its jurisdiction under this part if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under § 36-6-222.
>
> (b) Except as otherwise provided in § 36-6-219, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to § 36-6-224. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this part, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this part does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

T.C.A. § 36-6-202 sets out the purposes and policies of the UCCJEA. That section provides that the UCCJEA is enacted, *inter alia*, to "avoid jurisdictional competition and conflict with courts of other states in matters of child custody," and to "deter abductions of children." T.C.A. § 36-6-202(1) and § 36-6-202(4). In order to achieve the stated goals, both the Alabama and Tennessee versions of the UCCJEA favor "Home State" jurisdiction. T.C.A. § 36-6-216 states, in pertinent part:

> (a) Except as otherwise provided in § 36-6-219, a court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state....

Ala. Code § 30-3B-201 reads, in pertinent part, as follows:

(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

Both the Alabama version of the UCCJEA and the Tennessee version define "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding...." T.C.A. § 36-6-205(7) and Ala. Code § 30-3B-102(7). From the record, there is no dispute that the home state in this case is Tennessee. Here, the child lived with both parents in Tennessee until Ms. Davis left Tennessee for Alabama on August 16, 2004. Because the Alabama court was not the home state in this case, when it entered the temporary order of protection on August 17, 2004, it could only have acted under the "exception" contained in Ala. Code § 30-3B-201, which allows a state other than the home state to exercise temporary emergency jurisdiction. The Alabama and Tennessee Temporary Emergency Jurisdiction statutes are identical and provide, in pertinent part, as follows:

(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

(b) If there is no previous child custody determination that is entitled to be enforced under this part and a child custody proceeding has not been commenced in a court of a state having jurisdiction under §§ 36-6-216--36-6-218, a child-custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under §§ 36-6- 216--36-6-218. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under §§ 36-6-216-- 36-6-218, a child custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.

(c) If there is a previous child custody determination that is entitled to be enforced under this part, *or a child-custody proceeding has been commenced in a court of a state having jurisdiction under §§ 36-6-216--36-6-218*, any order issued by a court of this state under

-5-

this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under §§ 36-6- 216--36-6-218. *The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires*.

T.C.A. § 36-6-219; Ala. Code § 30-3B-204 (emphasis added).

The emergency jurisdiction provisions of the UCCJEA, *supra*, clearly state that where a temporary emergency order is entered by a state other than the (in this case) home state, that order remains in effect only "until an order is obtained from the [home state]." The official comments to Ala. Code § 30-3B-204 (which, as noted above, is identical to T.C.A. § 36-6-219) more fully explain the temporary nature of orders entered pursuant to emergency jurisdiction, to wit:

> The provisions of this section are an elaboration of what was formerly Section 3(a)(3) of the UCCJA. It remains, as Professor Bodenheimer's comments to that section noted, "an extraordinary jurisdiction reserved for extraordinary circumstances."

> This section codifies and clarifies several aspects of what has become common practice in emergency jurisdiction cases under the UCCJA and PKPA. First, a court may take jurisdiction to protect the child even though it can claim neither home state nor significant connection jurisdiction. Second, the duties of states to recognize, enforce and not modify a custody determination of another state do not take precedence over the need to enter a temporary emergency order to protect the child.

> Third, a custody determination made under the emergency jurisdiction provisions of this section is a temporary order. The purpose of the order is to protect the child until the state that has jurisdiction under Sections 201-203 enters an order.

> &ast;      &ast;      &ast;

> Subsection (c) is concerned with the temporary nature of the order when there exists a prior custody order that is entitled to be enforced under this Act or when a subsequent custody proceeding is filed in a state with jurisdiction under Sections 201-203. Subsection (c) allows the temporary order to remain in effect only so long as is necessary for the person who obtained the determination under this section to present a case and obtain an order from the state with jurisdiction under Sections 201-203. That time period must be

specified in the order. If there is an existing order by a state with jurisdiction under Sections 201-203, that order need not be reconfirmed. *The temporary emergency determination would lapse by its own terms at the end of the specified period or when an order is obtained from the court with jurisdiction under Sections 202-203.* The court with appropriate jurisdiction also may decide, under the provisions of 207, that the court that entered the emergency order is in a better position to address the safety of the person who obtained the emergency order, or the child, and decline jurisdiction under Section 207.

Ala. Code § 30-3B-204 Official Comments (emphasis added).

In the instant case, Ms. Davis made no effort to obtain an order from the Tennessee court (which is the home state court) as required by the statute. Despite having notice of the proceedings in the trial court, Ms. Davis willfully failed to participate in same. A temporary order from the Alabama court does not confer full jurisdiction to that court. Tennessee, as the home state, properly exercised its jurisdiction in issuing orders defining the parties' parental rights. Any authority conferred to Alabama via to emergency jurisdiction statute expired upon the entry of an order by the home state, Tennessee. Because Alabama exercised only emergency jurisdiction in this case and because the home state of Tennessee later entered an order (which negated the Alabama order), Ms. Davis's reliance upon the previously commenced proceedings provisions of the UCCJEA, T.C.A. § 36-6-221 as set out above, is misplaced. The scenario discussed in the official comments to T.C.A. § 36-6-223 (which addressed unjustifiable conduct of a party) clearly supports Mr. Davis's position that the Tennessee order should stand, to wit:

> For example, if a parent takes the child from the home state and seeks an original custody determination elsewhere, the stay-at-home parent has six (6) months to file a custody petition under the extended home state jurisdictional provisions of section 17 [§ 36-6-216], which will ensure that the case is retained in the home state.

Ms. Davis also alleges that the judgment of the trial court must be set aside because the trial court allegedly did not communicate with the Alabama court as required by T.C.A. § 36-6-219(d). However, there is nothing in the record as to whether the trial court communicated with Alabama or not. Consequently, we cannot assign error on this ground.

In addition, we note that Ms. Davis has continually snubbed the orders of the trial court and has failed to appear with the child as required thereby. As ancient as equity itself is the maxim "he who seeks equity must do equity." As this court has stated:

> The maxim that he who seeks equity must do equity is fundamental, and no principle is better settled than that a court of chancery in

granting equitable relief to a complainant will require of him whatever the defendant may, in good reason and good conscience, be entitled to in reference to the subject matter of the suit. The condition thus imposed upon the complainant is, as it were, the price of the decree which the court gives him.

*East Tenn. and Western N.C. Ry. Co. v. Robinson*, 86 S.W.2d 433, 439 (Tenn. Ct. App.1935). Because Ms. Davis has failed to comply with the mandates of the trial court, that court would have been well within its power to deny her relief on that basis alone. *See* Order denying appeal in *Pfister v. Searle*, No. M2001-01757-COA-R3-JV (Tenn. Ct. App. Nov. 8, 2001) ("The appellant cannot seek relief from the judicial system while at the same time she refuses to abide by its decision.").

We further note that Tenn. R. Civ. P. 60.02 requires these motions to be made "within a reasonable time." While the determination of what constitutes a reasonable time is based on the facts and circumstances of each case, the fact that Ms. Davis waited from December 22, 2004 (the date of the entry of the Final Decree of Divorce) until October 5, 2005 to file her petition for relief under Tenn. R. Civ. P. 60.02 seems overtly long under the circumstances of this case. It is the opinion of this Court that the trial court could have denied relief based solely upon Ms. Davis's failure to file her motion "within a reasonable time" as required by Tenn. R. Civ. P. 60.02.

For the foregoing reasons, we affirm the Order of the trial court denying Ms. Davis's motion for Tenn. R. Civ. P. 60.02 relief. Costs of this appeal are assessed to the Appellant, April Dawn (Blackmon) Davis, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.