# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 13, 2019 Session

## BATTERY ALLIANCE, INC. v. CLINTON BEITER ET AL.

### Appeal from the Circuit Court for Shelby County
### No. CT-003843-17  Robert Samual Weiss, Judge

_____

### No. W2018-02117-COA-R3-CV

_____

Defendants appeal the trial court's denial of its motion for relief from a default judgment. In support of its motion, defendants raised three grounds: (1) that the judgment was void due to improper service of process; (2) that the judgment was void due to improper notice related to the motion for default judgment; and (3) the judgment should be set aside due to mistake, inadvertence, surprise or excusable neglect. A thorough review of the record indicates that the trial court exercised its independent judgment to adjudicate only the first of the three grounds alleged. As such, we vacate the denial of the motion and remand for consideration of the remaining grounds.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY ARMSTRONG J., joined.

Jon W. Tidwell, Memphis, Tennessee, for the appellants, Clinton Beiter, and Stored Energy Products, Inc.

Michael R. Marshall, Memphis, Tennessee, for the appellee, Battery Alliance, Inc.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. BACKGROUND

On September 18, 2017, Plaintiff/Appellee Battery Alliance, Inc. ("Battery Alliance") filed a complaint against Defendants/Appellants Clinton Beiter and Stored Energy Products, Inc. ("Stored Energy Products," and together with Mr. Beiter, "Appellants"). The complaint alleged breach of contract, unjust enrichment, and estoppel and sought compensatory damages of $216,256.89, plus attorney's fees, costs, and additional charges that accrued after the complaint was filed. A copy of the complaint and summons was served on Appellants on October 4, 2017.[2] Appellants did not file an answer to the complaint, although negotiations between the parties' representatives were ongoing.

On November 6, 2017, Battery Alliance filed a motion for default judgment. The motion did not state the date upon which the hearing on the motion would take place. The certificate of service on the motion stated that it was mailed to Appellants' address. A second motion was later filed to correct a typographical error. Again, the motion included a certificate of service to Appellants but no date was provided for the hearing. A hearing on the motion for default judgment took place on November 17, 2017. Appellants did not appear, and the trial court granted the motion for default judgment. The order granting the motion for default judgment directed Battery Alliance to file a motion for a writ of inquiry, which the order stated would take place on January 11, 2018, at 10:00 a.m. The order contained a certificate of service to Appellants' address. On the same day, Appellants filed a motion for a writ of inquiry; however, the certificate of service included with the motion indicated that it was inexplicably mailed to various unrelated persons with addresses in Idaho, including the Idaho Department of Correction, rather than Appellants' addresses in Florida. The writ of inquiry hearing occurred as scheduled, and Battery Alliance was awarded a judgment of $222,644.74, plus costs and fees.

A few months later, on May 8, 2018, Appellants filed a motion to set aside the final judgment against them, arguing that the judgment was void and/or that it should be set aside on the ground of excusable neglect.[3] Appellants attached to their motion the affidavit of Mr. Beiter, as well as a form indicating that Appellants had retained counsel near the time motion for default judgment was heard. In general, Appellants argued that they did not have proper notice of the action as a whole or the default judgment proceedings in particular.

Battery Alliance responded in opposition to the motion to set aside on September 14, 2018. Therein, Battery Alliance asserted that Appellants were properly served with the complaint and summons and properly notified of the default judgment hearing.

---

[2] As discussed in more detail *infra*, Appellants initially disputed service of process. On appeal, however, Appellants concede that service was accomplished on or about this date.

[3] It appears that Appellants were represented by different counsel at the time they filed their motion to set aside the final judgment.

Moreover, Battery Alliance alleged that Appellants willfully failed to take any action to defend against the complaint and failed to assert a meritorious defense in their motion to set aside. In support, Battery Alliance attached affidavits from the private process server, a verified return of service, and various emails detailing the negotiations between the parties that were taking place at the time of the default judgment proceedings. Additionally, Battery Alliance provided a letter dated November 7, 2017, stating the date and time of the default judgment hearing. Although the letter states that it was "Sent via USPS and email" to Appellants, no email showing that the letter was sent was included in the documents attached to Battery Alliance's response.

Appellants filed a reply to Battery Alliance's response on September 19, 2018, more fully detailing the grounds relied upon in their motion. According to Appellants, three grounds supported their request for relief from the default judgment: (1) although Appellants were served with the summons, they were not served with the complaint; (2) notice of the motion for default judgment was void due to a violation of Rule 55.01 of the Tennessee Rules of Civil Procedure; and (3) their failure to respond was due to mistake, inadvertence, surprise or excusable neglect as Appellants were reasonably relying on retained counsel to respond. Appellants also provided argument as to their meritorious defense.

The motion to set aside was heard on October 19, 2018. The parties did not present testimony, instead relying on the statements of counsel and the documents attached to the parties' filings. During the hearing, service of process, Rule 55.01, and excusable neglect were argued. At the conclusion of the hearing, the trial court denied Appellants' motion to set aside the default judgment. Relying on ***Eluhu v. Richards***, No. M2005-00922-COA-R3-CV, 2006 WL 1521158, at *1 (Tenn. Ct. App. June 2, 2006), the trial court ruled that service of process was proper and that Appellants could not have the judgment set aside where they thereafter took "no affirmative action." The trial court directed counsel for Battery Alliance to prepare a written order, which was entered on October 31, 2018. Appellants thereafter appealed to this Court. On May 6, 2019, an amended final order was entered to comply with Rule 58 of the Tennessee Rules of Civil Procedure.

## II. ISSUES PRESENTED

The parties each present two issues, with Appellants' two issues spanning nearing an entire page. In our view, the dispositive issue in this case is whether the trial court erred in denying Appellants' Rule 60.02 motion.

## III. STANDARD OF REVIEW

Generally, a trial court's decision to grant or deny motion under Rule 60.02 of the Tennessee Rules of Civil Procedure is reviewed for an abuse of discretion. ***Patterson v. SunTrust Bank***, 328 S.W.3d 505, 509 (Tenn. Ct. App. 2010); ***Tenn. Dep't of Human Serv. v. Barbee***, 689 S.W.2d 863, 866 (Tenn. 1985). A trial court abuses its discretion

- 3 -

only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting ***State v. Shirley***, 6 S.W.3d 243, 247 (Tenn. 1999)) (internal quotation marks and alterations omitted). Where the judgment is alleged to be void under Rule 60.02(3), however, we review the trial court's judgment de novo, with no presumption of correctness. ***Hussey v. Woods***, 538 S.W.3d 476, 483 (Tenn. 2017).

## IV. DISCUSSION

Rule 60.02 of the Tennessee Rules of Civil Procedure governs motions for relief from final judgments. In relevant part, Rule 60.02 provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. In general, motions under Rule 60.02 should be made within a reasonable time. ***Id.*** Motions alleging grounds under (1) or (2), however, should be made within one year of the judgment. ***Id.*** Motions alleging that the judgment is void, however, may be made at any time. ***Turner v. Turner***, 473 S.W.3d 257, 260 (Tenn. 2015) (holding that despite the lack of time limit, relief will not be granted as to a void judgment if certain exceptional circumstances are present).

"Rule 60.02 has been described as an 'escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules.'" ***Henderson v. SAIA, Inc.***, 318 S.W.3d 328, 336 (Tenn. 2010) (quoting ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn. 1990)). Out of respect for the finality afforded to legal proceedings, we generally hold this that "'escape valve' should not be easily opened." ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991). Tennessee courts, however, have expressed a clear preference for a trial on the merits. ***Henry v. Goins***, 104 S.W.3d 475, 481 (Tenn. 2003); ***Reynolds v. Battles***, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003). As such, Rule 60.02 should be construed liberally in the context of a default judgment. ***Reynolds***, 108 S.W.3d at 251. Still, the party seeking relief bears the burden of presenting sufficient evidence of the basis upon which it seeks to have the judgment against it set aside. ***Henry***, 104 S.W.3d at 482; ***Brumlow v. Brumlow***, 729 S.W.2d 103, 106 (Tenn. Ct.App.1985).

There are three criteria for courts to consider when determining whether to grant a rule 60.02 motion to set aside a default judgment: (1) whether the default was willful; (2) whether the defendant has asserted a meritorious defense; (3) the amount of prejudice which may result to the non-defaulting party if the motion is granted. *Reynolds*, 108 S.W.3d at 251. "If there is any reasonable doubt about whether the judgment should be set aside, the court should grant relief." *Id.* (citing *Nelson v. Simpson*, 826 S.W.2d 483, 486 (Tenn. Ct. App. 1991)). However, "[l]iberal application of relief under Rule 60.02 is not appropriate if the party in default has failed to establish proper grounds for relief." *Vanderbilt Univ. v. New Hope Pharm., Inc.*, No. M2008-00362-COA-R3-CV, 2008 WL 4614516, at \*3 (Tenn. Ct. App. Oct. 16, 2008) (citing *Roberts v. Todd*, No. M2003-02594-COA-R3-CV, 2004 WL 2964717 at \*3 (Tenn. Ct. App. Dec. 21, 2004).

From our review of the arguments presented in the trial court, Appellants essentially asserted three grounds for relief from the final judgment against them: (1) that the judgment was void due to improper service of process under Rule 4 of the Tennessee Rules of Civil Procedure; (2) that the default judgment was void due to a violation of Rule 55.01 of the Tennessee Rules of Civil Procedure governing notice of the default judgment hearing; and (3) that the judgment should be set aside on the ground of mistake, inadvertence, surprise or excusable neglect. Appellants contend that while the trial court ruled on their first argument, it failed to address either of the other arguments. With all due deference to the trial court, we agree.

We begin first with Appellants' argument that the judgment is void where Battery Alliance did not comply with Rule 55.01. Under Rule 55.01, except where service was accomplished through publication, "all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action." This Court has previously held that where a notice clearly did not provide the defendant with proper notice of the date of the motion for default judgment hearing, any default judgment rendered thereupon was void. *See Tatum v. Tatum*, No. W2009-00566-COA-R3-CV, 2009 WL 4723370, at \*4 (Tenn. Ct. App. Dec. 10, 2009) ("Rule 55.01 implicitly requires that the notice sent to the party against whom a default judgment is sought convey the correct hearing date. Thus, the notice afforded to Wife in this case did not meet the required procedural safeguards of Rule 55.01. Accordingly, based on the above-cited cases, we find that the default judgment against Wife is void, rather than voidable, as it was issued with insufficient notice, which was evident from the face of the notice."); *see also Frierson v. Johnson*, No. M2006-02598-COA-R3-CV, 2008 WL 555721, at \*6 (Tenn. Ct. App. Feb. 28, 2008) (stating that in some contexts failure of notice under Rule 55.01 renders the judgment merely voidable; in that situation, the movant may be required to show excusable neglect and/or a meritorious defense). Appellants contend, *inter alia*, that the default judgment is void under Rule 55.01 where the motion for default judgment allegedly served on Appellants did not include the date

of the hearing.[4] Battery Alliance, of course, argues that notice of the default judgment was sufficient.[5] From our review, however, the trial court did not resolve this dispute.

The written order denying Appellants' Rule 60.02 motion provides the following rationale for the denial:

> The Court finds that the Affidavits of . . . the process server[s] create the presumption that service of process upon [Appellants] was proper, and that the Affidavit of Defendant, Clinton Beiter, does not overcome said presumption. The Court further finds that after [Appellants] were properly served with process, Defendants took no affirmative action in this cause prior to the judgment by default. Thus the Court finds there was no mistake, inadvertence, surprise or excusable neglect on the part of the Defendants. Based on the aforesaid findings, it is not necessary for the Court to consider, and the Court does not consider, whether [Appellants] have presented a meritorious defense under Tennessee Rule of Civil Procedure 60.02.

Clearly, the trial court rejected Appellants' argument that they were not properly served with process. Appellants do not take issue with this finding on appeal. Service of process, however, is distinguishable from notice of the default judgment proceedings mandated by Rule 55.01. Nothing in the trial court's written order indicates that the trial court considered or rendered judgment as to Appellants' Rule 55.01 argument regarding service of notice of the request for a default judgment.

The trial court's oral ruling provides no additional illumination as to this issue. Rather, the transcript of the trial court's ruling provides as follows:

> Having read the pleadings and considered the arguments of counsel, unfortunately I feel like the case law kind of guides the situation, that the original service issue kind of trumps and Mr. Beiter's affidavit doesn't overcome the presumption of the process server saying that there was good service and, as such, he had notice of the proceedings. And again, by counsel's acknowledgement, whether it was proper or improper, correspondence and pleadings were continuing to be sent to him, so he knew that the litigation was ongoing and proceeding, and no affirmative action was taken by Mr. Beiter individually or on behalf of Stored Energy Products to overcome that presumption.

---

[4] Appellants also cite the affidavit of Mr. Beiter to argue that they were not provided any notice of the default judgment and writ of inquiry.

[5] In some ways, Battery Alliance appears to ignore a portion of Appellants' argument, particularly Appellants' contention that even if the motion itself was properly served on Appellants', it is deficient where it fails to state the date of the hearing, as required by *Tatum*. The only mention of dates of hearings in Battery Alliance's brief concerns the date of the writ of inquiry, not the date of the hearing to establish the default judgment.

So the motion to set aside the default is denied.

Counsel for Appellants then asks whether the trial court considered Appellants' alleged meritorious defense. The trial court responded that

> I'm going with the position that because the original service was good, we didn't get to whether the meritorious defense came into play.
>
> \* \* \*
>
> Because I think if he had notice under the ***Eluhu*** case, that he was under an obligation to defend the case, and I think that case stood for the proposition that you can't sit back waiting for things to fall, even if you do have a meritorious defense, if you don't take any action to pursue that.

Again, the trial court does not appear to address Appellants' argument that Rule 55.01 was violated in any fashion. Moreover, the trial court's reference to ***Eluhu v. Richards***, cannot be understood as consideration of this issue, as ***Eluhu*** did not involve a challenge to the notice provided of the plaintiff's attempt to take a default judgment. *See **Eluhu v. Richards***, No. M2005-00922-COA-R3-CV, 2006 WL 1521158, at \*2 (Tenn. Ct. App. June 2, 2006) (noting that the motion for default judgment stating the date of the hearing was mailed to the defendant at his home address and indicating that the defendant did not allege lack of notice in any manner).

Generally, where a trial court fails to properly address an argument or include mandated findings of fact and conclusions of law, we are unable to address the argument on appeal. ***Dialysis Clinic, Inc. v. Medley***, No. M2018-00399-COA-R3-CV, 2019 WL 2173194 (Tenn. Ct. App. May 20, 2019) ("Because the court failed to address the lessee's claim that it was a necessary party, we are unable to address that argument on appeal."). As such, the appropriate remedy is to vacate and remand to the trial court for a more in-depth ruling. ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 312 (Tenn. 2014) (vacating the judgment of the trial court where it does not provide a rationale for its summary judgment ruling); ***Lovlace v. Copley***, 418 S.W.3d 1, 36 (Tenn. 2013) ("One remedy appellate courts typically apply when a trial court's factual findings fail to satisfy the Rule 52.01 requirement is to remand the case to the trial court with directions to issue sufficient findings and conclusions."). Because this case did not involve a bench trial or summary judgment, however, findings of fact and conclusions of law are not mandated in this situation. *See* Tenn. R. Civ. P. 52.01 (exempting most motions from the requirement to include findings of fact and conclusions of law with written orders); Tenn. R. Civ. P. 56.04 (requiring the trial court to "state the legal grounds upon the court grants or denies" a motion for summary judgment). Moreover, as previously discussed, a dispute over whether a judgment is void constitutes a question of law that we review de novo, with no presumption of correctness as to the trial court's ruling. ***Hussey***, 538 S.W.3d at 483. These considerations lend support to an approach where we would simply analyze this issue notwithstanding the trial court's failure to address it.

In a somewhat analogous situation, however, we have concluded that a trial court's ruling should be vacated on appeal when no rationale was provided for that ruling, even where neither findings of fact nor a legal rationale was mandated. *See* ***Huggins v. McKee***, No. E2014-00726-COA-R3-CV, 2015 WL 866437, at \*5 (Tenn. Ct. App. Feb. 27, 2015). In ***Huggins***, the trial court found that the claim raised by the plaintiff was moot and dismissed the complaint under Rule 12.02 of the Tennessee Rules of Civil Procedure. ***Id.*** Like other motions, trial courts are not required to make findings of fact and conclusions of law to support their rulings under Rule 12.02. *See* Tenn. R. Civ. P. 52.01 (expressly exempting Rule 12 from its mandate). Moreover, mootness, like Appellants' argument that the judgment is void, was an issue that could be reviewed de novo by the appellate court. *See* ***Ivy v. Tennessee Dep't of Correction***, No. M2007-02606-COA-R3-CV, 2008 WL 5169563, at \*2 (Tenn. Ct. App. Dec. 9, 2008). Yet, the appellate court still held that it could not uphold the trial court's ruling in the absence of a proper rationale. In other situations where it appeared that the trial court simply did not address the arguments of the parties, the case was vacated and remanded regardless of whether Tennessee law mandated specific findings or conclusions accompanying that decision. *See* ***Dialysis Clinic***, 2019 WL 2173194, at \*4 (declining to address the arguments on appeal unless and until the trial court ruled on other arguments raised but not expressly adjudicated in the trial court);

Similarly, the trial court provides no rationale for denying relief under Rule 55.01, leading this court to believe that this basis for relief was simply not considered by the trial court, for whatever reason.[6] Providing rationales for legal and factual rulings are integral parts of judicial-decision making. *See generally* ***Smith***, 439 S.W.3d at 312. Indeed, the Tennessee Supreme Court has opined that one of the essential purposes of a judge is to adjudicate disputes; as such, judges are expected "to explain why a particular result is correct based on the applicable legal principles[.]" ***Id.*** Where the trial court makes a specific ruling as to one ground, we decline to infer from the trial court's silence as to other grounds that it actually considered them, particularly where the trial court does not state that the relevant issues or arguments were pretermitted by its ruling. In fact, the trial court's ruling makes clear that one issue was in fact pretermitted—Appellants' alleged meritorious defense—but does not indicate that any other arguments met the same fate. Instead, the totality of the circumstances indicates that the trial court simply failed to consider Appellants' argument under Rule 55.01.

---

[6] It is possible the trial court believed this argument to be pretermitted. Although the trial court's oral ruling expressly pretermits other issues, the trial court does not expressly pretermit this basis for relief. Moreover, nothing in the trial court's order illuminates how specifically Appellants' argument that the default judgment was void for noncompliance with Rule 55.01 could be pretermitted even by a finding that there was no excusable neglect or mistake. *Cf.* ***Frierson***, 2008 WL 555721, at \*7 (holding that excusable neglect was not relevant where the judgment was void due to noncompliance with Rule 55.01).

Another consideration convinces this Court that remanding to the trial court is appropriate based on the particular circumstances of this case. As previously discussed, in addition to arguments under Rules 4 and 55.01, Appellants also asserted that they were entitled to relief from the judgment due to mistake, inadvertence, surprise or excusable neglect under Rule 60.02(4). In particular, Appellants asserted that their failure to defend against the complaint was the result of the excusable neglect of their former counsel, as well as their failure to be properly notified of the proceedings under Rule 55.01. Although the trial court's written order contains an express finding that "there was no mistake, inadvertence, surprise or excusable neglect on the part of the Defendants[,]" a review of the trial court's oral ruling does not contain such an oral finding.[7] Thus, we are faced with a clear discrepancy between the trial court's oral ruling and the written party-prepared order.

According to the Tennessee Supreme Court, trial courts must ensure that their written orders are the product of their independent judgment. As such, the Tennessee Supreme Court has noted that courts have properly declined to accept orders "when the record 'casts doubt' on whether the trial court 'conducted its own independent review, or that the opinion is the product of its own judgment[.]'" *Smith*, 439 S.W.3d at 316

---

[7] There is some colloquy during the trial court's ruling that may indicate the trial court's stance on the mistake, inadvertence, surprise or excusable neglect issue:

> [Counsel for Appellants]: Even if you had retained counsel to represent you and present meritorious defenses or present –
> THE COURT: Well, that's the problem, counsel, is there's nothing to indicate that the attorneys did anything.

> \* \* \*

> THE COURT: There's nothing to indicate that the attorneys did anything. They never filed a notice of appearance, filed a response. And again, to sit here a year later to say, well, we have a meritorious defense, I don't believe that is enough to set aside the judgment that was taken pursuant to Rule 60.
> [Counsel for Appellants]: Even though there may be meritorious defenses?
> THE COURT: Correct.
> [Counsel for Appellants]: And even though it was counsel -- former counsel rather than the defendant himself who neglected to respond to the Complaint and appear?
> THE COURT: Correct.

This colloquy does not specifically reference mistake, inadvertence, surprise or excusable neglect by Appellants. Nor does the ruling contain an explicit finding that Appellants' actions were willful. Instead, the thrust of the trial court's argument appears to concern the issue of Appellants' alleged meritorious defense. Moreover, the Tennessee Supreme Court in *Smith* vacated the trial court's judgment in spite of the fact that a similar colloquy occurred. *See Smith v. UHS of Lakeside, Inc.*, No. W2011-02405-COA-R3-CV, 2013 WL 210250, at \*11 (Tenn. Ct. App. Jan. 18, 2013), *aff'd*, 439 S.W.3d 303 (Tenn. 2014) (noting that "the trial court engaged in colloquy in which it could be inferred that the trial court was more amenable to one or another argument from either of the parties").

(quoting **Bright v. Westmoreland Cty.**, 380 F.3d 729, 732 (3d Cir. 2004)) (noting application of the rule to "findings, conclusions, **or orders**") (emphasis added). The fact that the trial court signed the order drafted by counsel is not dispositive of whether the order constitutes the trial court's independent judgment. **Id.** (rejecting such an argument as "reverse-engineered circumvention" of Tennessee procedural rules).

On appeal, Battery Alliance asserts that the trial court's oral ruling reflects that it found Appellants' conduct willful, a ruling which necessarily undermines a finding of excusable neglect. *See* **Discover Bank v. Morgan**, 363 S.W.3d 479, 494 (Tenn. 2012) ("If the court finds that the defaulting party has acted willfully, the judgment cannot be set aside on "excusable neglect" grounds[.]"). While a correct statement of law, Battery Alliance's argument overlooks that fact that the trial court once again made no explicit finding of willful conduct on the part of Appellants. Importantly, while the trial court states that Appellants' former counsel took no affirmative action despite notice of the proceedings, the trial court does not attribute this inaction to either willfulness or mere carelessness. Carelessness, however, would not preclude a finding of excusable neglect. *See* **Patterson v. SunTrust Bank**, 328 S.W.3d 505, 512 (Tenn. Ct. App. 2010) (quoting **Skipper v. State**, M2009-00022-COA-R3-CV, 2009 WL 2365580, at *5–7 (Tenn. Ct. App. July 31, 2009) ("Tennessee no longer categorically excludes 'mere negligence' or 'carelessness' of an attorney from the scope of excusable neglect, under Tenn. R. Civ. P. 60.02(1) with regard to setting aside default judgments.") (some internal quotation marks omitted).

Nor, again, does the trial court's reference to **Eluhu** resolve this issue, as **Eluhu** did not analyze the issues of mistake, inadvertence, surprise or excusable neglect. *See* **Eluhu**, 2006 WL 1521158, at *7 ("[Defendant] has never asserted that he was without knowledge of this lawsuit nor that he failed to receive the legal documents delivered to his home address. [Defendant's] sole contention is that he possesses a meritorious defense to Plaintiffs' claim and therefore he is entitled to have the default judgment set aside."). We therefore have doubt that the finding of no mistake, inadvertence, surprise or excusable neglect in the written order is a product of the trial court's independent judgment.

Further, even if this ruling is credited to the trial court's independent judgment, the order or ruling does not clearly indicate how the trial court reached this result. *Cf.* **Lovlace**, 418 S.W.3d at 35 (holding that an adequate ruling is one that "disclose[s] to the reviewing court the steps by which the trial court reached its ultimate conclusion"). In particular, Appellants' argument as to excusable neglect was tied to the conduct of their former counsel, as well as Battery Alliance's alleged failure to provide notice of the default judgment proceedings. As discussed *supra*, the trial court certainly did not address the latter argument in either its oral or written ruling. Moreover, the question of whether a movant is entitled to relief from a final judgment for mistake, inadvertence, surprise or excusable neglect is reviewed for an abuse of discretion. This court has previously held that even in the context of a Rule 60.02 motion appropriate findings or a

stated rationale for the decision are often integral to proper appellate review of a trial court's discretionary decision. *See Parimore v. Parimore*, No. W2016-01188-COA-R3-CV, 2017 WL 657771, at \*4 (Tenn. Ct. App. Feb. 17, 2017). As we explained,

> We concede that the express language of Rule 60.02 places no affirmative duty on the trial court to make findings of fact or conclusions of law in disposing of a Rule 60.02 motion. However, this Court has previously indicated that, with respect to a Rule 60.02 motion, we are 'unable to adequately review' a trial court's discretionary decision and provide the appropriate amount of deference to that decision when the trial court fails to make appropriate findings of fact and conclusions of law.

*Id.* (quoting *Spigner v. Spigner*, No. E2013-02696-COA-R3-CV, 2014 WL 6882280, at \*6 (Tenn. Ct. App. Dec. 8, 2014)). Indeed, we are unable to analyze whether the trial court's decision is "against logic or reasoning" without an appropriate basis in which to determine what logic or reasoning the trial court employed to reach its ultimate decision. *Eldridge*, 42 S.W.3d at 85.

Based on the foregoing, we conclude that the trial court erred in generally failing to address two of the three grounds raised in Appellants' motion to set aside the default judgment under Rule 60.02.[8] Instead, the vast majority of the trial court's focus appears to have been on service of process and meritorious defense issues. While perhaps we could "soldier on" in the face of one deficiency, the arguments relating to each ground are somewhat intertwined and judicial efficiency therefore militates against deciding these issues in a piecemeal fashion. Moreover, the trial court is in the best position to determine these issues. *Cf. Simpson v. Fowler*, No. W2011-02112-COA-R3-CV, 2012 WL 3675321, at \*4 (Tenn. Ct. App. Aug. 28, 2012) (noting that, because this court is merely "an error-correcting intermediate appellate court[,]" it would be inappropriate for the court to make the initial decision on an issue). As such, the decision of the trial court denying the Rule 60.02 motion is vacated, and this cause is remanded for reconsideration of Appellants' motion as to all grounds alleged.

## V. CONCLUSION

The judgment of the Shelby County Circuit Court is vacated and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee, Battery Alliance, Inc., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[8] Again, Appellants concede that the first ground regarding service of process was appropriately rejected by the trial court.